## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.:

H. Joseph Slater,

        Plaintiff,

                                      **COMPLAINT**

v.                           **WITH JURY TRIAL DEMAND**

Palisades Collection, L.L.C.

        Defendant.

### PRELIMINARY STATEMENT

1.    This action is based on Defendant's violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) and state common law, including without limitation communicating with Plaintiff with respect to the debt after Plaintiff had notified Defendant that he refused to pay the debt, and failing to report the disputed debt as disputed to Consumer Reporting Agencies.

### PARTIES

2.    Plaintiff H. Joseph Slater is a natural person who resides in the city of Lake City, County of Wabasha, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.    Defendant Palisades Collection, L.L.C., is a collection agency doing business in Minnesota and with a principal place of business at 10 Sylvan Avenue, Englewood Cliffs, NJ 07632, and is a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6).

## JURISDICTION

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692 *et seq.* and supplemental jurisdiction for the state law claim arises under 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

5.      Plaintiff incurred a financial obligation AT&T Wireless that was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6.      Plaintiff satisfied his obligation to AT&T Wireless.

7.      Nevertheless, AT&T Wireless thereafter erroneously sent Plaintiff's account to collections.

8.      Defendant was retained by AT&T Wireless to collect on the alleged debt.

9.      In a letter dated April 11, 2006, Defendant attempted to collect $365.98 from Plaintiff on the AT&T Wireless account.

10.     In a letter dated May 6, 2006, Plaintiff notified Defendant that he disputed the alleged debt and that he refused to pay it.

11.     Defendant received Plaintiff's letter on May 15, 2006.

12.     Nevertheless, in a collection letter dated June 2, 2006, Defendant made a further communication to Plaintiff with respect to the debt.

13.     Defendant's June 2, 2006 letter indicated that it was from Defendant's "Collection Department."

14.     Defendant's June 2, 2006 letter gave a "Debtor Id" number and indicated that the letter was with respect to a "Charge[d]-Off" AT&T Wireless account.

15.     Defendant's June 2, 2006 letter stated, "As we have previously informed you, Palisades Collection, L.L.C. has purchased this account from the original creditor, AT&T WIRELESS, and as the assignee, we have all the rights, title, and interest of the assignor."

16.     Defendant's June 2, 2006 letter did not specify any remedies that Defendant ordinarily invokes or that Defendant intended to invoke.

17.     Defendant's June 2, 2006 letter did not state that it was from a debt collector.

18.     Defendant's June 2, 2006 letter stated, "We have received your correspondence requesting validation of debt.  We have ordered your documentation and will provide you with a copy upon receipt.  Please be advised this process could take up to 90 days."

19.     Defendant never obtained verification of the alleged debt.

20.     In the more than 90 days since June 2, 2006, Defendant never provided Plaintiff with a copy of any "documentation" or other verification of the alleged debt.

21.     Defendant's letters falsely indicated that Plaintiff owed the alleged debt.

22.     Defendant failed to communicate that the disputed debt was disputed to one or more consumer reporting agencies to which Defendant had reported the debt.

23.     Plaintiff has suffered emotional distress and other actual damages as a result of Defendants' actions and omissions.

**TRIAL BY JURY**

24.    Plaintiff is entitled to and hereby requests a trial by jury.

**CAUSES OF ACTION**

**COUNT I:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692e(11), 1692f,**
**1692f(1) and 1692g(b).**

25.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated

herein.

26.    Defendant's actions and omissions in connection with its attempts to collect the

alleged debt violated numerous and multiple provisions of the FDCPA, including

without limitation 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(8),

1692e(10), 1692e(11), 1692f, 1692f(1) and 1692g(b).

27.    Under 15 U.S.C. § 1692k, Plaintiff is entitled to $1,000, his actual damages, and

his reasonable attorney's fees and costs, herein.


**COUNT II:**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

28.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated

herein.

29.    Defendant, by its actions and omissions in connection with its attempts to collect

the alleged debt, intentionally interfered, physically or otherwise, with the

solitude, seclusion and or private concerns or affairs of Plaintiff.

30.     Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

31.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

32.     The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33.     As a result of such invasion of privacy, Plaintiff is entitled to his actual damages from Defendant in an amount to be determined at trial.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against this Defendant for:

a.) Plaintiff's actual damages;

b.) $1,000, and his reasonable attorney's fees and costs, herein, pursuant to 15 U.S.C. § 1692k; and

c.) Such other and further relief as may be just and proper.


Dated:    _____1/3/07_____          By:   __s/John H. Goolsby_____
                                      **GOOLSBY LAW OFFICE, LLC**
                                      John H. Goolsby, attorney ID # 0320201
                                      2021 East Hennepin Avenue, Suite 195
                                      Minneapolis, MN 55413
                                      Telephone:  (612) 331-8700

5

## VERIFICATION OF COMPLAINT
## AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF WABASHA           )


I, H. Joseph Slater, having first been duly sworn and upon oath, depose and say as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorney, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.


                                    s/H. Joseph Slater
                                    H. Joseph Slater


Subscribed and sworn to before me

this 15th day of December, 2006.


        s/Shirley M. Wieck
Notary Public

6